Turley, J.
delivered the opinion of the court.
This is an action of debt commenced by writ issued to the county of Shelby, and a counterpart thereof to the county of Davidson. The action thus brought, was against Thomas M. Collins, John Shelby and S. Bradford. The original process was served on Thomas M. Collins in the county of Shelby, and the counterpart on John Shelby in the county of Davidson, S. Bradford not found.
John Shelby, by attorney, filed pleas in abatement, which are, in substance, that neither he nor Thomas M. Collins were resident citizens of the county of Shelby at the time the process was issued and served, but on the contrary that he was a resident citizen of the county of Davidson, and Thomas M. Collins of the State of Arkansas.
To these pleas the plaintiff demurred, and the demurrer was sustained by the court, and the question now presented for our consideration is, whether the demurrer was well taken.'
It is not controverted, that under the statute, the subject matter of the pleas is sufficient to abate the process; but, it is insisted, that it being the matter in abatement arising out of personal privilege, it can only be pleaded in person, and not by an attorney of the court, and that an appearance by an attorney has waived the objection to the process, and given the court ju *506 risdiction of the person of the defendants. The Circuit Court of the county of Shelby is a court of general jurisdiction, and the pleas in abatement in this case are not to the general jurisdiction of that court, but to a want of jurisdiction of the person of the defendant, arising out of the fact that it was his personal privilege to be sued only in the county where he resided, or in a county where he might be found, or by a counterpart of the original writ issued to the proper county.
We can see no difference between such privilege, and that of an attorney of the king’s bench or common pleas in England to be sued in their respective courts, and it has always been held in England that if an attorney of the court of king’s bench be sued in the common pleas, and wishes to avail himself of the defence he must do it in person, and so likewise of an attorney of the court of common pleas sued in the king’s bench.
And this because (as it seems to us) that, in repudiating the court, the officers of the court are necessarily repudiated, and in recognising the officers of the court the jurisdiction of the court is submitted to. But that is not so, when the court has no jurisdiction of the subject matter; for consent cannot give it jurisdiction, and a suitor in it may avail himself of the services of its officer for the purpose of showing this fact, because it is the duty of the suitor to shew the want of jurisdiction, that the court may be kept from doing an illegal and void act.
We therefore affirm the judgment of the Circuit Court.
Note. See Rich et als. vs. Rayle 2 Humph. Rep. 404.